IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MATTHEW STARY,

                Plaintiff,                              ORDER

    v.                                                06-C-082-bbc

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                Defendant.

---

    Because Judge Shabaz will be convalescing from shoulder surgery for an extended period of time, I have assumed administration of the cases previously assigned to him, including this one.  On July 31, 2006, Judge Shabaz remanded this case to the commissioner to further consider the weight to be given to the opinions of the medical expert and plaintiff's treating physician.  On February 19, 2008, Administrative Law Judge William G. Brown granted plaintiff benefits from January 31, 2001, the onset date of his disability.

    Now plaintiff has filed a motion pursuant to 42 U.S.C. § 406(b), asking for approval of a payment of $13,717.79 to his attorney, Dana Duncan.  Amended Mot. and Aff. in Supp. of Atty. Fees, dkt. #30.  This amount represents 25 percent of plaintiff's past-due benefits awarded by the Social Security Administration ($22,554), less $6,778.21 in attorney fees that Judge Shabaz awarded previously to Duncan under the Equal Access to Justice Act, 28

U.S.C. § 2412(d), less $2,058 that Duncan has agreed to forgo on the basis of a delay in the remand proceedings.

42 U.S.C. § 406 governs the award and collection of fees by attorneys representing claimants seeking social security disability benefits. 42 U.S.C. § 406(a) governs the award and collection of attorney fees for the representation of claimants in administrative proceedings; 42 U.S.C. § 406(b) governs the award and collection of fees by attorneys for the representation of claimants in court. Gisbrecht v. Barnhart, 535 U.S. 789, 794 (2002). As part of its judgment, a court may allow "a reasonable fee . . . not in excess of 25 percent of the . . . past-due benefits" awarded to the claimant. § 406(b)(1)(A). The fee is payable "out of, and not in addition to, the amount of [the] past-due benefits." Id. An attorney who is awarded fees under the Equal Access to Justice Act and under § 406(b) must refund to the claimant the amount of the smaller fee. Gisbrecht, 535 U.S. at 796.

In Gisbrecht, 535 U.S. at 807, the Court concluded after reviewing the text and history of § 406(b) that the statute "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." Rather, said the Court, it "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." Id. Factors relevant to the reasonableness inquiry include the character of the representation, the results achieved, whether the lawyer was responsible for any delay that might have led

to the accumulation of benefits and whether the "benefits are large in comparison to the amount of time counsel spent on the case." Id. at 808.

The commissioner asserts that he does not oppose a "reasonable award of fees" pursuant to the fee arrangement between plaintiff and Duncan, but suggests that awarding the full 25% contingent fee authorized by Duncan's agreement with plaintiff would amount to a windfall. This suggestion loses much of its force in light of Duncan's amended fee petition, which seeks an award of approximately $8,000 less than he originally requested. On the basis of the amended petition and including only the time Duncan spent on the court proceedings, Duncan's hourly rate would be $249, far less than the $600 initially calculated by the commissioner on the basis of the original petition. (Contrary to Duncan's assertion, I cannot consider the hours that he spent in the administrative proceedings in determining the reasonableness of the award.)

The fee request is reasonable. Duncan succeeded in having plaintiff's case remanded to the commissioner because of the arguments he made in his briefs. The court was persuaded by Duncan's arguments that the administrative law judge failed to properly consider the opinions of plaintiff's treating physician and the medical expert in determining whether plaintiff met the "C" criteria of Listing 12.04. This is not a case where the remand came about with little or no effort from plaintiff's lawyer. His success in this court led ultimately to a favorable result from the commissioner on remand and an award of past due benefits for plaintiff since January 31, 2001. Both the character of Duncan's representation

of plaintiff and the results that plaintiff received support the reasonableness of the award of 25% of plaintiff's past due benefits as attorney fees in this case.

Plaintiff and his lawyer agreed to the amount of attorney fees pursuant to a written agreement. Sound policy reasons support upholding this agreement. As Judge Adelman explained in Koester v. Astrue, 482 F. Supp. 2d 1078, 1082 (E.D. Wis. 2007), any determination of the reasonableness of fees in these cases in which the lawyer does prevail must take into account the lawyer's risk of not being compensated for his time when his client does not prevail. Further, failure to award fees in conformance with contingency fee agreements could deter experienced counsel from representing plaintiffs seeking benefits. Id. That Duncan's projected hourly rate if he recovers his full fee will exceed what he would charge in non-contingent fee cases is not unusual. Id. at 1083 (citing cases approving fees translating to hourly rates of $694, $393, $605, $187.44, $206 and $350). Having considered the character of work performed, the results achieved and the efforts expended by counsel, I am satisfied that his fee request is reasonable.

ORDER

IT IS ORDERED that plaintiff's motion for an order approving an award of attorney fees pursuant to 42 U.S.C. § 406(b) is GRANTED. Plaintiff's attorney, Dana Duncan, is entitled to attorney fees in the amount of $13,717.79, which represents 25 percent of plaintiff's past-due benefits awarded by the Social Security Administration, less $6,778.21

in attorney fees that this court awarded previously to Duncan pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), less a voluntary reduction for delay in the amount of $2,058.

Entered this 28th day of October, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge